# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAL ALGIERI, | |
| Plaintiff, | NO. 3:06-CV-1814 |
| v. | (JUDGE CAPUTO) |
| JUDGE THOMAS VANASKIE, | |
| Defendant. | |

## **MEMORANDUM**

Plaintiff Sal Algieri seeks to file a civil rights complaint against Defendant Judge Thomas Vanaskie (Doc. 1-1), and has filed an application to proceed with this action *in forma pauperis*. (Doc. 2.) The decision whether to grant or deny *in forma pauperis* status rests in the discretion of the district court. *Goldstein v. Timoney*, No. 01-481, 2001 WL 179868 at *1 (E.D. Pa. Feb. 20, 2001).

Every pro se litigant seeking permission to proceed in forma pauperis has two potential barriers to cross before his or her formal entry into the federal courthouse: (1) an appropriate showing of poverty; and (2) the presentation of a claim that is legally nonfrivolous. 32 Am. Jur. 2d Federal Courts § 529 (citing Federal Procedural Forms, L. Ed. §§ 1:1481-1:1490, 1:1499-1:1504; 1 Federal Civil Practice Forms, Forma Pauperis Proceedings §§ 7:3-7:12, 7:21-7:26).

The Third Circuit Court of Appeals has made it clear that this Court should first consider litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the complaint to determine whether it is frivolous. *Roman v. Jeffes*, 904 F.2d 192 (3d Cir. 1990). The Court will thus initially examine the

Plaintiff's financial situation.

Plaintiff claims in his Affidavit in Support of Request to Proceed In Forma Pauperis (Doc. 2) that he has not worked since approximately 1979, has had no income from any source over the past twelve months, has $15.00 in a savings account, and owns a 1988 Ford Bronco which he approximates at a value of $500.00.  Assuming this to be an accurate depiction of Mr. Algieri's complete financial situation, it is the Court's opinion that he qualifies for *in forma pauperis* status.

The Court may now assess the content of the Plaintiff's complaint to determine whether it is frivolous.  "Under 28 U.S.C. § 1915(d), a district court is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless."  *Roman*, 904 F.2d at 194 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)) (current version at 28 U.S.C. § 1915(e)).  If a court is satisfied that an action *in forma pauperis* is frivolous or malicious it is authorized to dismiss the case *sua sponte*; in fact, a frivolous complaint *requires* dismissal regardless of the plaintiff's inability to pay.  28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added).  Such action is appropriate to prevent abuse of the processes of the court.  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When reviewing a complaint for frivolity under § 1915(e), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations."  *Id.* at 32.  It is important to note, however, that where a frivolous *in forma pauperis* complaint can be remedied by amendment, a

2

district court may not dismiss the complaint as frivolous and must permit the amendment. FED.R.CIV.P. 15; *Denton*, 504 U.S. at 34.

It is apparent to the Court that the claims contained in Plaintiff's complaint contain factual contentions that are clearly baseless.  Specifically, the Plaintiff alleges that the Defendant sent U.S. Marshals to his home to "intimate (sic) the Plaintiff", and that "treats (sic) were make (sic) against the Plaintiff if he continued to write negative (sic) regarding this judge."  (Doc. 1-1 at 3.)  The Plaintiff's complaint goes on to make a malicious comment about the Defendant: "Defendant Vanaski (sic), is known to have an ALCOHOL problem".  *Id.*  The Complaint then goes on to attack the validity of the process of judicial appointments under Article III of the United States Constitution: "Judge Vanaski (sic), was NEVER ELECTED HE WAS SELECTED" and "PROCESS OF SELECTING MUST END, ELECTED OR OUT".  *Id.*  Plaintiff further underscores the lack of merit of the suit by seeking "ONE HUNDRED MILLION DOLLARS IN DAMAGES".  *Id.* at 4.  Finally, the Court finds that this is not the type of situation in which the complaint can be remedied by an amendment thereto.

Plaintiff's application to proceed *in forma pauperis* will be granted for the purpose of filing the current complaint only.  Because the Court is convinced that the Plaintiff's underlying complaint is frivolous pursuant to the language of 28 U.S.C. § 1915(e)(2)(B)(i), the Plaintiff's complaint will be dismissed with prejudice, and the matter will be ordered closed.

An appropriate order will follow.

Date: September 19, 2006               /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SAL ALGIERI,

    Plaintiff,

        v.

JUDGE THOMAS VANASKIE,

    Defendant.

NO. 3:06-CV-1814

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 19th day of September, 2006, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's application to proceed in forma pauperis (Doc. 2) is **GRANTED** for the purpose of filing the underlying complaint (Doc. 1-1) only.

(2)     Plaintiff's underlying complaint (Doc. 1-1) is **DISMISSED** with prejudice.

(3)     The Clerk of the Court shall mark this matter **CLOSED**.

                                  /s/ A. Richard Caputo
                                  A. Richard Caputo
                                  United States District Judge